**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **BRANSON W. RITCHIE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No.** |
| **vs.** | : | **3:03-cv-14-1 (CAR)** |
| | : | |
| **LINDA HARRISON,** | : | |
| | : | |
| **Defendant.** | : | |

_____

### *ORDER ON DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW*

Before the Court is Defendant's Renewed Motion for Judgment as a Matter of Law [Doc. 69]. Plaintiff filed a timely response [Doc. 72] to the motion, and Defendant thereafter filed a timely reply [Doc. 73]. Because this Court finds that the evidence presented at the trial of this case is sufficient to support the jury's verdict, Defendant's motion is hereby **DENIED**.

### BACKGROUND

This case was tried before a jury on June 27-29, 2005. At trial, the only issues to be decided were breach of fiduciary duty and damages. Specifically, Plaintiff claimed that Defendants Greg and Linda Harrison breached their fiduciary duties to Wingers Publishing ("Wingers"), a close corporation of which Plaintiff was a one-third shareholder, when Defendants transferred certain assets to their family-owned corporations, HBD International, Inc. ("HBD") and the Zoological Education Network ("ZEN"). At the close of Plaintiff's evidence, Defendants moved pursuant to Rule 50(a) for judgement as a matter of law, contending that Plaintiff had failed to produce sufficient evidence to support his claims. After carefully considering the evidence as it pertained to each of the assets in dispute, the Court granted the

motion as to Plaintiff's claims against Defendant Greg Harrison, and as to all of the assets except one: the rights to *Avian Medicine: Principles and Applications* ("AMPA").  The only issues remaining in the case were whether Defendant Linda Harrison breached her fiduciary duty by transferring the publication rights to AMPA to HBD for $15,000.00, and if so, what damages were incurred.  Defendant then rested her case without presenting any evidence, and the Court submitted the issues to the jury.

Upon consideration of the evidence presented, the jury found by a preponderance of the evidence that Linda Harrison breached her fiduciary duty to Wingers when she transferred AMPA to HBD and that Plaintiff was entitled to $64,325.00 in compensatory damages.  The jury also found that Plaintiff was entitled to punitive damages.  The Court then held a mini-trial on the issue of punitive damages.

Defendant now renews its motion for judgment as a matter of law.  Defendant does not dispute the jury's finding of a breach of fiduciary duty, nor does she dispute that the appropriate measure of damages in this case is one-third of the value of AMPA.  Defendant's only contention is that Plaintiff failed to present evidence sufficient to prove the value of AMPA. Defendant moves the Court to vacate the jury's verdict and enter judgment as a matter of law.

## LEGAL STANDARD FOR RULE 50(b) MOTIONS

The present motion for judgment as a matter of law is governed by Federal Rule of Civil Procedure 50(b).  When reviewing a Rule 50(b) motion, the Court must consider the evidence presented at trial, drawing all factual inferences and resolving all credibility determinations in favor of the nonmoving party.  Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192 (11th Cir. 2004).  If the evidence presented at trial presents a sufficient disagreement such that

"reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions," a motion for judgment as a matter of law must be denied.  Mendoza v. Borden, 199 F.3d 1238, 1244 (11th Cir. 1999).  "Judgment as a matter of law is appropriate only if the evidence is so overwhelming in favor of the moving party that a reasonable jury could not arrive at a contrary verdict."  Middlebrooks v. Hillcrest Foods, Inc., 256 F.3d 1241, 1246 (11th Cir. 2001).

## DISCUSSION

The issue raised by the present motion is whether Plaintiff presented legally sufficient evidence at trial for a reasonable jury to find that he was entitled to $64,325.00 in damages.  As a preliminary matter, the Court notes that it is deciding the present motion without the benefit of a transcript because neither Defendant nor Plaintiff ever provided one. Thus, the Court must rely on the facts recited in the parties' briefs and its own recollection of the trial, aided by its trial notes, in reaching a decision in this case.

As instructed to the jury in this case, Plaintiff bore the burden of proving every element of his claim, including the element of damages, by a preponderance of the evidence.  The jury further was instructed that a "preponderance of the evidence" simply means an amount of evidence that is enough to persuade them that Plaintiff's claims are more likely than not true. With respect to damages, the jury was instructed that the measure of damages was one third of the value of the asset at issue.  The jurors were told that the amount of damages must be proven by the Plaintiff with reasonable certainty, and cannot be left to speculation, conjecture, or guesswork.  Finally, the jurors were instructed that the damages were compensatory in nature, were not allowed as a punishment, and must not be imposed or increased to penalize Defendant.

3

The jurors received a separate instruction on punitive damages, and a separate mini-trial was held on that issue.  These instructions were given to the jury verbally by the Court, and the jurors were then provided with a written copy to take with them into the jury room.

These instructions made it clear to the jury that Plaintiff bore the burden of proving his damages by a preponderance of the evidence and that the amount of damages must be established with reasonable certainty.  On a motion for judgment as a matter of law, the movant—in this case, Defendant—has the burden of proving that the evidence presented by Plaintiff weighed so overwhelmingly in favor of Defendant that a reasonable jury could not arrive at a contrary verdict.  Thus, in this case, the verdict should be upheld unless Defendant proves that Plaintiff's evidence of the value of AMPA— the only item of damages—was insufficient such that no reasonable and fair-minded jury could have awarded Plaintiff $64,325.00 to compensate him for the loss of his one-third interest in AMPA.

## I.    Sufficiency of the Evidence

The only issues at trial submitted to the jury were whether Defendant breached her fiduciary duty to Plaintiff when she transferred the publication rights to AMPA from Wingers to HBD and whether that breach resulted in damages.  The parties agree that the measure of damages for Defendant's breach of fiduciary duty was one-third of the value of AMPA.  Because Defendant claims that Plaintiff was unable to testify specifically to the value of the publication rights to AMPA, Defendant now, through the motion at bar, argues that there was insufficient evidence for a reasonable jury to find that one-third of the value of those rights amounted to the $64,325.00 awarded to Plaintiff.  The Court will examine the evidence presented to determine whether it was sufficient to allow a reasonable jury to value the publication rights to AMPA.

4

### A.    Evidence Presented

At trial, Plaintiff presented evidence that Wingers received three bids for the publication rights to AMPA 1999.  Iowa State University bid $10,000.00 plus a royalty package estimated at $6,500.00; Defendant's family-owned corporation, HBD, bid and actually paid $15,000.00 without a promise of royalties; and Defendant (unbeknownst to Plaintiff) submitted a fluff bid of $20,000.00, which she later claimed was merely an "opening bid."

Plaintiff also presented evidence that HBD published AMPA shortly after acquiring the right of publication and received $116,000.00 in gross revenues from the sales of AMPA. Plaintiff presented an exhibit showing a list of dollar amounts that HBD realized from the sale of AMPA from 1999 to 2004.  Plaintiff also presented evidence showing that HBD printed 2000 copies of AMPA and sold 1175 of those copies for between $125.00 and $175.00 per copy. Finally, Plaintiff presented evidence showing that the printing cost of AMPA was $42,000.00.

### B.    Discussion

The Court finds that Defendant has failed to prove that the evidence of the value of AMPA was insufficient such that no reasonable juror could have awarded Plaintiff $64,325.00 to compensate him for the value of his one-third interest in AMPA. Florida law, which governs the issue of proof of damages in this diversity action, establishes relatively liberal standards for proving damages. McDermott et al. v. Middle East Carpet Co., 811 F.2d 1422, 1426 (11th Cir. 1987) (holding that proof of damages is a substantive issue which therefore is governed by state law); e.g., G.M. Brod & Co. v. U.S. Home Corp., 759 F.2d 1526, 1538 (11th Cir. 1985); Christopher Adver. Group, Inc. v. R & B Holding Co., 883 So.2d 867, 871 (Fla. Dist. Ct. App. 2004) ("The damage rules must be flexibly applied so as to provide fair

compensation under the circumstances of the specific case.").  When the value of an item of damages is uncertain or difficult to prove, that uncertainty alone does not preclude recovery. G.M. Brod & Co., 759 F.2d at 1538 ("'[U]ncertainty cannot end the efforts of the federal courts to redress...[harm].'") (quoting Lehrman v. Gulf Oil Corp., 464 F.2d 26, 45 (5th Cir. 1972); see also Twyman v. Roell, 166 So. 215, 218 (Fla. 1936); W.H. Gay Mech. Contractor, Inc. v. Wharfside Two, Ltd., 545 So.2d 1348, 1350-51 (Fla. 1989); Christopher Adver. Group, Inc., 883 So.2d at 871.  Instead, because "[t]he wrongdoer must bear the risk of the uncertainty," it is enough if "the evidence show[s] the extent of the damages as a matter of just and reasonable inference."  G.M. Brod & Co., 759 F.2d at 1538-39.  The proof offered may be indirect and may be based on estimates and assumptions, as long as those assumptions rest on adequate data. Id. at 1539; Ad-Vantage 943 F.2d 1511, 1518 (11th Cir. 1991).  Furthermore, the jury's estimation of damages need be only approximate.  G.M. Brod & Co., 759 F.2d at 1539.   Thus, under Florida law, a plaintiff's proof of damages will be sufficient as long as he provides some evidence by reference to which the amount of damages may be satisfactorily ascertained.

Plaintiff provided sufficient evidence to permit the jury to conclude that he was entitled to $64,325 to compensate him for his one-third interest in AMPA.  Specifically, Plaintiff provided a list of the proceeds HBD had realized from AMPA and produced evidence that 2000 copies of AMPA had been printed, 1,175 had been sold and were selling for between $125.00 to $175.00 per copy.  By multiplying the number of copies of AMPA printed (2,000) by the sale price of AMPA ($125.00 to $175.00) and subtracting the publishing costs ($42,000.00), the jury reasonably could have concluded that one-third of the value of AMPA was $64,325.00.

Defendant argues that the jury erred in considering AMPA revenues in determining its

6

value.  Defendant suggests that the jury should have considered only the market value of AMPA. The jury, however, was entitled to rely on evidence of AMPA revenues to determine the value of AMPA, since the market value of AMPA is uncertain.  AMPA is a technical asset with a limited market, making it impossible to produce market data that reflects the value of AMPA accurately. Only those specializing in publishing materials on avian medicine and exotic animals would have an interest in purchasing the publication rights to AMPA.  In fact, only one entity, Iowa State University, actually placed a bid on AMPA.[1]  In addition, there are few, if any, comparator markets to which one may look to determine AMPA's value.  Because the market value of AMPA is uncertain, the jury was entitled to consider other evidence, including revenues earned from the sales of AMPA, to determine its value.

Defendant also argues that Plaintiff did not take into account the set-off costs in its calculation of damages.  Plaintiff, however, provided evidence showing that HBD incurred $42,000.00 in printing costs.  Further, Plaintiff alleges that he produced other evidence of marketing costs; Defendant, however, failed to produce any evidence to rebut Plaintiff's evidence that HBD, Defendant's family-owned business, incurred more than $42,000.00 in costs in printing and publishing AMPA.  Defendant, having been found by a jury to have committed the harm, cannot now hide behind the uncertainty in calculating the resulting damages.  G.M. Brod & Co., 759 F.2d at 1538-39.  Plaintiff's evidence, therefore, was sufficient to provide the jury with an estimation of the costs associated with AMPA's publication.

Applying the standard for a motion for judgment as a matter of law, the Court finds no reason that the jury's award of $64,325.00 in compensatory damages was not reasonable in light

---

[1]    The other two bids Wingers received for AMPA were fabricated by Defendant.

7

of the evidence presented to them at trial.  Accordingly, the Court hereby **DENIES** Defendant's motion.

## CONCLUSION

For the reasons state above, Defendant's Renewed Motion for Judgment as a Matter of Law [Doc. 69] hereby is **DENIED**.  The Judgment entered on July 11, 2005 [Doc. 68] will stand.

**SO ORDERED** this 27th day of March, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

AEG/ssh

8